IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOAWIAH ALOMARI                                                PETITIONER

V.                                          CIVIL NO.     5:26-cv-00281-DCB-BWR

RAFAEL VERGARA                                                RESPONDENTS
*in his Official Capacity, Warden of*
*Adams County Correctional Center* and
BRIAN ACUNA
in his Official Capacity, Field Office
Director for ICE's ERO of New Orleans,
Louisiana

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte*. Petitioner, a native and citizen of Jordan, filed a Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 through counsel in April 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement (ICE) detention. Pet. [1] at 2.

Petitioner entered the United States illegally on October 14, 2024. ICE Decl. [7-3] at 1. On June 16, 2025, an immigration judge ordered that Petitioner be removed from the United States but granted withholding of removal to Jordan. *Id.* Petitioner and the Department of Homeland Security reserved appeal to the Board of Immigration Appeals (BIA), and neither appealed, making Petitioner's removal order administratively final on July 17, 2025. *Id.*

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the

"removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02; *see also Hersh v. U.S. ex rel. Mukasey,* 553 F.3d 743, 757 (5th Cir. 2008) (acknowledging that the presumptive six-month period begins after the 90-day removal period).

Petitioner's removal order became administratively final on July 17, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall

become final: . . . (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time [.]"). The 90-day removal period expired on October 15, 2025. Six months following October 15, 2025 expired on April 15, 2026. Petitioner has been in ICE detention for three and a half months beyond the presumptively reasonable period established in *Zadvydas*. The Court requires a status update from Respondents regarding the progress since June 15, 2026 (the date of Respondents' Response) to remove Petitioner and sets a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondents shall file a status update:

1. Including a Declaration from an ERO official; and

2. Specifically addressing the following: (1) the progress to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondents' status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondents shall file a response furnishing evidence sufficient to rebut that showing;

and

3.  No later than 14 days after Respondents' response, Petitioner may file a reply.

SO ORDERED, this 30th day of July 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE